Herbert, J.
Did the Court of Appeals commit error by affirming the judgment of the Court of Common Pleas sustaining the appellee’s demurrer to the amended petition?
The record discloses that appellant commenced his action by filing a petition setting up two causes of action (1) sounding in tort and (2) based on a claimed nuisance.
A demurrer to the original petition was sustained by the Court of Common Pleas, whereupon appellant filed his amended petition which abandoned the cause of action sounding in tort and rested his case solely on nuisance.
The action is governed by Section 723.01, Revised Code, which, in its pertinent part, provides as follows:
“Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of * * # public grounds * * * within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
Appellant’s action must stand or fall entirely upon the well *447 pleaded allegations of Ms amended petition which seeks recovery by reason of a claimed nuisance. Whether the city was exercising its governmental or proprietary functions is not material.
A brief reference to the meaning of the word, nuisance, as used in the statute, may prove helpful.
Taylor v. City of Cincinnati, 143 Ohio St., 426, in the pertinent parts of the second and third paragraphs of the syllabus, states:
“2. Absolute nuisance, for which strict liability or liability without fault is imposed by law, may be defined as a distinct civil wrong arising or resulting from the invasion of a legally protected interest, and consisting of an unreasonable interference with the use and enjoyment of the property of another; the doing of anything or the permitting of anything under one’s control or direction to be done without just cause or excuse, the necessary consequence of which interferes with or annoys another in the enjoyment of his legal rights * * *.
“3. As distinguished from absolute nuisance, a qualified nuisance or nuisance dependent upon negligence consists of anything lawfully but so negligently or carelessly done or permitted as to create a potential and unreasonable risk of harm, which, in due course, results in injury to another.”
Here, the amended petition fails to set out facts sufficient to support an allegation of nuisance, either absolute or qualified.
The amended petition alleges the maintenance by the city of a fence as hereinbefore set out. There are no facts alleged that the fence was defective, wrongful, or an unreasonable interference with the use and enjoyment by the appellant of the baseball facilities at the playground, nor is there any allegation that the maintenance of the fence was without just cause or excuse. Appellant bases no claim upon negligence as he has voluntarily withdrawn his cause of action in that area as set out in the original petition.
It is common knowledge that spectators at a baseball game will move close to the playing field and risk danger or hazard unless restrained in some reasonable manner. The fence served the purpose of restraining spectators from invading the play *448 ing field. It was plainly visible to the players as well as to the spectators. There appears to be a reasonable need for precautionary measures such as that of constructing and maintaining the fence in question.
The amended petition fails to set out facts sufficient to constitute a cause of action and is subject to demurrer. Therefore, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Tart, C. J., Zimmerman, Kovachy, O’Neill and Griffith, JJ., concur.
Kovachy, J., of the Eighth Appellate District, sitting by designation in the place and stead of Matthias, J.